UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ALEX HIXON,
Plaintiff,

v.                                No. 1:19-cv-00120-CLC-SKL

TENNESSEE VALLEY AUTHORITY
BOARD OF DIRECTORS,
Defendant.

## TENNESSEE VALLEY AUTHORITY'S RESPONSE TO MOTION TO BIFURCATE TRIAL

TVA agrees that the issues of back pay and front pay are for the Court, not the jury. TVA does not, however, agree that full bifurcation of liability and equitable remedies is necessary or economical. Rather, Plaintiff's request for bifurcation may exclude relevant evidence from the jury's consideration.

The moving party bears the burden of establishing that bifurcation is warranted. *Trentham v. Hidden Mountain Resorts, Inc.*, No. 3:08-CV-23, 2010 WL 148166, at *2 (E.D. Tenn. Jan. 11, 2010) (citing *Tuttle v. Sears, Roebuck and Co.,* No. 1:08-CV-333, 2009 WL 2916894, at *2 (N.D. Ohio Sept. 4, 2009)). To determine whether separate trials are appropriate, the court should consider "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman,* 106 F.3d 1308, 1311 (6th Cir. 1997)). While the limited issue of equitable remedies does not need to be considered by the jury, a formal bifurcation provides little to no benefit because it will neither expedite the matter nor create judicial economy. TVA disagrees with Plaintiff's claim that "[t]he parties are expected to introduce lots of exhibits and testimony concerning Plaintiff's back pay damages." (Doc. 78 at PageID#2077.) Hixon has performed little work since leaving TVA's employment, and he has made minimal

1

attempts to mitigate his damages by seeking alternative employment. Accordingly, the evidence for the proposed second phase will consist largely of Hixon's own testimony. Therefore, evidence on equitable remedies will not unduly delay submission of the case to the jury, and postponing this testimony will save little time even if TVA prevails on the issue of liability.

Contrary to Plaintiff's assertion, much of the evidence that TVA anticipates presenting regarding back and front pay will also be relevant to issues of liability, and therefore bifurcation could create additional inefficiencies and delay. For example, evidence on Hixon's condition and ability to work in the immediate aftermath of the termination of his employment is relevant to both damages and liability because it supports TVA's concerns about his ability to work. Plaintiff notes that TVA intends to introduce documents from Plaintiff's social security file and suggests that such documents should only be introduced to the Court after liability has been determined by the jury. (Doc. 78 at PageID#2077.) As TVA stated in its Response to Plaintiff's Motion in Limine to Exclude Plaintiff's Application for Security Disability Benefits, his application "is directly relevant to TVA's defenses, to Hixon's claims for damages, and for impeachment value. The disability application speaks to, among other issues, whether Hixon was in fact disabled, if he could work with a reasonable accommodation, and if a medical examination was warranted." (Doc. 67 at PageID#1898.) The evidence regarding liability substantially overlaps with the evidence on damages, and it cannot neatly be separated into distinct trial phases. To the extent that Plaintiff seeks to use this motion to bifurcate as another attempt to preclude TVA's introduction of such evidence on issues of liability, TVA opposes the motion.

Finally, keeping the issues of liability and equitable damages consolidated into one trial will not prejudice either party. There are no unique or complex concerns warranting bifurcation. In an effort to claim prejudice, Plaintiff asserts without support or explanation that presenting

2
Case 1:19-cv-00120-CEA-SKL   Document 79   Filed 12/17/20   Page 2 of 4   PageID #: 2080

back pay or reinstatement evidence would confuse the jury. This Court has previously considered and rejected that argument. *See Trentham v. Hidden Mountain Resorts, Inc.*, No. 3:08-CV-23, 2010 WL 148166, at *3 (E.D. Tenn. Jan. 11, 2010) ("[T]he issues in this case—whether HMR wrongfully discharged Trentham and is liable under any of the statutes alleged by Trentham, and, if so, the amount of damages Trentham suffered and will be likely to suffer—are not unusually difficult or complex issues warranting a bifurcation. The Court has conducted trials of a similar nature in the past and finds no reason why this trial should present a particular problem regarding juror confusion of the issues or prejudice to HMR.") Indeed, given the limited nature of the evidence and testimony relevant to Plaintiff's potential back pay and front pay, that evidence likely could be presented during breaks or at other convenient times outside the presence of the jury without need for full bifurcation and without having to recall any witness.

For the above-stated reasons, TVA respectfully requests that the Court deny Plaintiff's motion to bifurcate the trial.

Respectfully submitted,

*s/Mark A. Mohr*
David D. Ayliffe (TN BPR 024297)
Director, Litigation
Mark A. Mohr (NY BPR 5012489)
Michael V. Bernier (MS BPR 103960)
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone 865.632.7346
mamohr@tva.gov
mvbernier@tva.gov

Attorneys for Tennessee Valley Authority

102836776

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically through the Court's ECF system on the date shown in the document's ECF footer. Notice of this filing will be sent by operation of the Court's ECF system to all parties as indicated on the electronic filing receipt. Parties may access this filing through the Court's ECF system.

*s/Mark A. Mohr*
Attorney for Tennessee Valley Authority