UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALEX HIXON, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:19-cv-120 |
| v. ) | |
| ) | Judge Atchley |
| TENNESSEE VALLEY AUTHORITY ) | Magistrate Judge Lee |
| BOARD OF DIRECTORS, ) | |
| ) | |
| *Defendant*. ) | |

# ORDER

Before the Court is Plaintiff's Motion to Bifurcate [Doc. 77], seeking to bifurcate the trial into a liability and compensatory damages phase and an equitable remedies phase. For reasons that follow, the Motion [Doc. 77] will be **GRANTED IN PART** and **DENIED IN PART**.

Federal Rule of Civil Procedure 42 provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

Fed. R. Civ. P. 42(b). A motion to bifurcate is within the discretion of the trial court. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) ("The language of Rule 42(b) places the decision to bifurcate within the discretion of the district court."). In determining whether separate trials are appropriate, the Court is "required to consider the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy." *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997).

The parties agree that equitable remedies, including backpay and reinstatement, are issues for the Court, not the jury. [Doc. 78 at 1]. If the jury returns a verdict for Defendant as to liability and compensatory damages, no trial will be needed as to the issues of back pay and reinstatement.

Plaintiff argues that bifurcation will therefore expedite and streamline the case by avoiding potentially unnecessary presentation of evidence as to back pay, mitigation, and reinstatement. [*Id.* at 2]. Plaintiff further argues that bifurcation will prevent any potential prejudice to Plaintiff and possible confusion of jurors. [*Id.*]. Plaintiff expects TVA to attempt to introduce evidence regarding mitigation of damages, including contested documents from Plaintiff's Social Security file. [*Id.*]. According to Plaintiff, this evidence is not relevant to the issues that will be presented to the jury and its omission will shorten the trial. [*Id.*]. Plaintiff argues it could also confuse jurors or inappropriately influence their determination as to liability or compensatory damages. [*Id.*; Doc. 80 at 2]. Finally, Plaintiff argues that because the Court must determine these issues anyway, there is no harm if they are presented separately. [*Id.*].

TVA opposes the motion, arguing it is not necessary or economical and will exclude relevant evidence. [Doc. 79 at 1]. Defendant disagrees that the parties will introduce substantial exhibits and testimony concerning Plaintiff's back pay damages, arguing this evidence will largely be Plaintiff's own testimony. [*Id.* at 2]. TVA also argues that Hixon's condition and ability to work in the immediate aftermath of termination is relevant to TVA's alleged concerns about his ability to work. [*Id.*]. TVA suggests that "evidence likely could be presented during breaks or at other convenient times outside the presence of the jury without need for full bifurcation and without having to recall witnesses." [*Id.* at 3].

A fully bifurcated trial is not necessary in this case. Rather, the Court will hear evidence and argument regarding Plaintiff's claim for back pay and reinstatement and TVA's mitigation defense during the trial, but outside the presence of the jury. Even if some of this evidence is also relevant to liability and compensatory damages, it does not appear the overlap will be so substantial as to unduly prolong trial. Hearing these matters separately will reduce the possibility of juror

confusion while promoting the efficient resolution of this case, as parties and witnesses will already be present for trial. This is true regardless of the outcome of Plaintiff's pending motion in limine regarding his application for Social Security Disability Income [Doc. 50], on which the Court will hear argument at the final pretrial conference.

Accordingly, it is **ORDERED** that the Motion to Bifurcate [Doc. 77] is **GRANTED IN PART** and **DENIED IN PART**. The Court will hear argument and evidence regarding equitable remedies and mitigation outside the presence of the jury, during the scheduled trial. The parties are **ORDERED** to confer prior to the final pretrial conference regarding the most convenient and efficient schedule for the presentation of evidence in light of this ruling.

SO ORDERED.

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**